UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN CLEAR,

    Plaintiff,

v.

                              Hon. Janet T. Neff

                              Case No. 1:18-cv-1171

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 15). On April 23, 2019, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $2,850.00 in fees. Defendant has stipulated to this request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted.

    Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's

position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of two thousand, eight hundred fifty dollars ($2,850.00). In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), however, the order awarding EAJA fees must be entered in plaintiff's favor. *See id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, (ECF No. 15), be granted. Specifically, the undersigned recommends that plaintiff be awarded two thousand, eight hundred fifty dollars ($2,850.00) pursuant to the EAJA and that such be paid directly to Plaintiff.

Dated:  August 12, 2019 /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).